UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

THAD TATUM,                            :
                                       :        CASE NO.:
            Plaintiff,                 :
                                       :        Judge:
vs.                                    :
                                       :
                                       :        Magistrate:
KITTY G, INC.,                         :
d.b.a. LIUZZA'S BY THE TRACK           :
                                       :
            Defendant.                 :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, THAD TATUM, by and through his undersigned counsel, hereby files this Complaint and sues defendant KITTY G, INC., d.b.a. LIUZZA'S BY THE TRACK and (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as "ADA") and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter, "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the ADA and the LCHR.

2.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.  Plaintiff, THAD TATUM, (hereinafter referred to as "MR. TATUM"), is a person of the

1

age of majority and a citizen of the State of Louisiana.

5.    MR. TATUM resides on Belfort Street, New Orleans, Louisiana 70119.

6.    MR. TATUM is a qualified individual with a disability under the ADA and the LCHR.

7.    MR. TATUM is a paraplegic due to spinal cord injury.

8.    Due to his disability, MR. TATUM is substantially impaired in several major life activities and requires a wheelchair to ambulate.

9.    Upon information and belief, LIUZZA'S BY THE TRACK is the trade name for KITTY G. INC., a corporation organized in the State of Louisiana and doing business in Orleans Parish.

10.   Upon information and belief, KITTY G. INC is the owner of the real properties and improvements which are the subject of this action, to wit: Liuzza's By The Track, 1518 N Lopez St, New Orleans, LA, United States 70119 ("the Property").

11.   Upon information and belief, the Property is a bar and restaurant.

12.   MR. TATUM has desired to enter the Property to eat and have a drink and watch television.

13.   DEFENDANT is obligated to comply with the ADA and the LCHR.

14.   All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

15.   MR. TATUM realleges and reavers Paragraphs 1 - 14 as if they were expressly restated herein.

16.     The Property is a place of public accommodation, subject to the ADA, generally located at: 1518 N Lopez St, New Orleans, LA, United States 70119.

17.     MR. TATUM lives less than one (1) mile from the Property.

18.     MR TATUM frequently travels past the Property due to its proximity to his home.

19.     MR TATUM desires to enter the Property to purchase food and beverages.

20.     MR TATUM has desired to enter the Property numerous times in the past and presently desires to enter it.

21.     MR TATUM has personally observed and is aware that there is no ramp to enter the Property.

22.     Despite knowing that the Property contains no ramp for entry, on August 1, 2023, MR. TATUM went to the Property to eat to see if there was any alternative means to enter the Property.

23.     MR. TATUM desired to enter the Property and eat with waiter service like any other individual would. When he arrived, he was told that there was no accessible entrance to the Property by "Lisa A."

24.     "Lisa A." told Mr. Tatum that she would like to help him enter through the garage but was not able to do so.

25.     Mr. Tatum was able to purchase a catfish sandwich and french fries – but he was forced to take his order "to go" because he could not enter the Property.

26.     MR TATUM is aware that if he were to try again to enter the Property, he would not be able to because there is no ramp and so he would be unable to access the goods and utilize the services therein.

3

27.     MR TATUM is deterred from entering the Property due to the lack of a ramp.

28.     MR TATUM intends to and will enter Property to utilize the goods and services in the future but fears he will encounter the same barriers which are the subject of this action.

29.     Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MR. TATUM due to, but not limited to, the following violations which exist at the Property:

      I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

          A.     There exists no ramp to enter the Property; and

          B.     Other mobility-related ADA barriers to be identified following a complete inspection.

30.     Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

31.     Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

32.     Upon information and belief, removal of the barriers to access located on the Property would provide MR. TATUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations offered to the general public at the Property.

33.     MR. TATUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. TATUM is entitled to have his reasonable attorneys' fees,

costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

34.   MR. TATUM repeats and realleges all preceding paragraphs in support of this claim.

35.   At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

36.   At all times relevant to this action, MR. TATUM has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

37.   At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

38.   The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

39.   The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

40.    DEFENDANT discriminated against MR. TATUM, on the basis of his disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed in Paragraph 25 herein.

41.    MR. TATUM deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

42.    MR. TATUM is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. TATUM demands judgment against DEFENDANT and requests the following injunctive relief, damages, and declaratory relief:

A.    That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.    That this Court award damages to MR. TATUM pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of DEFENDANT in violation of the LCHR;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees),

and other expenses to MR. TATUM pursuant to the ADA and the LCHR; and

E.      That this Court award such other and further relief as it deems necessary, just, and

proper.

                                   Respectfully Submitted,

                                   **BIZER & DeREUS, LLC**
                                   *Attorneys for Plaintiff*

                                   /s/ Andrew D. Bizer
                                   ANDREW D. BIZER (LA # 30396)
                                   GARRET S. DeREUS (LA # 35105)
                                   ANNIKA MENGISEN (LA # 35524)
                                   3319 St. Claude Ave.
                                   New Orleans, LA 70117
                                   T: 504-619-9999; F: 504-948-9996
                                   Email: andrew@bizerlaw.com
                                                gdereus@bizerlaw.com
                                                annika@bizerlaw.com